TRUJILLO & MERCADO, DEMANDANTES, APELANTES Y APELADOS, v. SUCESIÓN RODRÍGUEZ, DEMANDADA, APELADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *injunction.*

No. 1174.—Resuelto en abril 6, 1915.

AGUAS—LEY DE AGUA—AUTORIDADES ADMINISTRATIVAS—MINISTRO DE FOMENTO—CONSEJO EJECUTIVO—DERECHOS DEL CONCESIONARIO.—De conformidad con la Ley de Aguas, artículo 152, es necesario que las autoridades administrativas, antes el Ministro de Fomento, hoy el Consejo Ejecutivo, fijen la cantidad de agua que a un concesionario le es permitido usar a los efectos de determinar sus derechos.

INJUNCTION—REIVINDICACIÓN—PRUEBA.—Para que pueda expedirse un *injunction* permanente, la prueba del derecho debe ser clara, lo mismo que en una acción reivindicatoria.

AGUAS — CONCESIONES ADMINISTRATIVAS — DERECHOS INDEFINIDOS — PRUEBAS.—Cuando se ha demostrado que a una persona se ha concedido el derecho al aprovechamiento de cierta cantidad de agua, de un río, tal concesión no puede ser restringida por otra permitiendo tomar aguas de un sitio más abajo del curso del río, cuando la prueba demuestra que si bien esta otra

concesión es más antigua que la primera, es lo cierto que la cantidad de agua que podía tomarse por virtud de ella vino a quedar definida después, y especialmente cuando tal agua puede ser obtenida extendiendo el canal a un punto más arriba, aunque con algún gasto.

CONCESIONES ADMINISTRATIVAS—CONFLICTO ENTRE LAS MISMAS—CONSEJO EJECUTIVO—TRIBUNALES.—Cuando existe conflicto sustancial respecto a concesiones hechas por el Consejo Ejecutivo, tal conflicto debe ser resuelto administrativamente por dicha autoridad, porque una corte no puede originar derechos y sí solamente considerar derechos establecidos.

Los hechos están expresados en la opinión.

Abogados de los demandantes: Sres. *Todd & Castro.*

Abogados de la demandada: Sres. *Gustavo Rodríguez* y *José G. Torres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La sociedad apelante entabló demanda de *injunction* contra la sucesión demandada con el objeto de que esta última se abstuviera de utilizar las aguas del río Guayanilla. El juicio tuvo lugar primeramente ante un juez anterior de la Corte de Distrito de Ponce, pero las pruebas escritas y los *exhibits* fueron, por convenio de las partes, sometidos al Juez Sepúlveda, el actual juez de Ponce, quien denegó el *injunction.* No existe en realidad conflicto alguno en cuanto a los hechos.

La demandante es una sociedad agrícola y es dueña de tres haciendas denominadas "Rufina," "Faro" y "San Colombano," siendo la caña el principal producto de las mismas. El demandado es el dueño de una finca rústica en el barrio de Jagua Alta, a orillas del río Guayanilla. Por más de 30 años, las denominadas haciendas "Faro," "San Colombano" y "Rufina" han venido aprovechándose de las aguas del río Guayanilla, siendo dichas fincas y la factoría Rufina regadas por tales aguas. En mayo 2, 1913, Blas Rodríguez obtuvo del Consejo Ejecutivo una concesión o franquicia para regar treinta cuerdas de sus terrenos, siéndole permitido tomar cuarenta litros por segundo de las aguas del río Guayanilla. Esta concesión fué hecha sin perjuicio de mejores derechos que pudieran tener otras personas.

También• se ha mostrado que, después de concedida la. franquicia a Blas Rodríguez, la sociedad demandante acudió al Consejo Ejecutivo para que fijará la cantidad de agua que· dicha sociedad demandante tenía derecho a tomar de dicho· río en virtud de una antigua concesión que alegaba tener, y en marzo 26, 1908, dicho Consejo Ejecutivo adoptó una reso- lución que, con ciertas reservas, permitía a la demandante· tomar de dicho río 183½ litros de agua por segundo, ·y la. demandante colocó un módulo para· determinar la cantidad exacta.   La hacienda del demandado queda más arriba, si- guiendo el curso del río hacia el mar, que las de la deman- dante.   También aparece demostrado que la sociedad deman- dante tiene dos tomas en el río Guayanilla, una de ellas en la hacienda Colombano y la otra en la Rufina. ˙ El módulo· está situado en una de dichas tomas, y de la otra que está más. abajo, siguiendo el curso de la corriente, la demandante ex- trae, por medio de una bomba, el agua que se ha filtrado den- tro del cauce del río y que sale del punto de la segunda toma, y se toma esta agua de un sitio más abajo del punto de donde· el demandado extrae su agua.   En un hecho probado, según. el dictamen de peritos, y de otras maneras, que la demandante· podría fácilmente, aun cuando con algún gasto de su parte, extendiendo su canal, extraer agua del mismo punto en que· Blas Rodríguez extrae su agua, y así permitir a cada una de· las partes tomar las cantidades respectivas de agua por· se- gundo concedidas por el Consejo Ejecutivo.   Se ha probado· asimismo en el juicio que en época de sequía las aguas del río Guayanilla son insuficientes para suministrar a la deman- dante los 183½ litros de agua por segundo, aun cuando el demandado dejare de˙ tomar agua alguna del río.

El Consejo Ejecutivo, como hemos visto, al hacer la con- cesión a Blas Rodríguez, lo hizo sin perjuicio de los mejores; derechos que cualquiera otro pudiera tener.   Igualmente, el Consejo Ejecutivo, al conceder el derecho a la demandante para tomar los 183½ litros por segundo, lo hizo sin perjui- cio de los derechos relativos de los solicitantes o de Blas Ro-

dríguez, o de cualesquiera otras personas, para tomar agua del río Guayanilla, la determinación de los cuales derechos sería hecha por las partes interesadas o por las cortes.

En vista de los anteriores hechos, la corte inferior llamó la atención sobre el carácter de la prueba de la demandante, esto es, que su concesión original no fué probada, sino que solamente se presentó prueba secundaria indicativa de la existencia del derecho a tomar agua del río Guayanilla. Ciertamente, la demandante introdujo varios *exhibits* y alguna prueba testifical· tendentes a demostrar que ella o sus causantes tenían el derecho de tomar aguas del río Guayanilla, el cual derecho comenzaba en una fecha tan remota como 1843, pero no hay en la prueba ninguna clara indicación de la cantidad de agua a que la demandante tenía derecho. La prueba mostró que en varias ocasiones los causantes de la demandante habían recurrido a las autoridades administrativas para arreglar alguna cuestión entre ellos y otras personas en cuanto al derecho a tomar agua del río. La sociedad apelante señala como el punto más fuerte de su prueba que allá por el año 1873 las autoridades administrativas, a petición del entonces dueño de la Rufina y del entonces dueño de Faro y San Colombano, no siendo las fincas entonces poseídas conjuntamente, expidieron una orden requiriendo a alguien situado aguas más arriba que dejara de tomar agua del río para fines de riego, pero no hay nada en la prueba que demuestre qué cantidad de agua esa persona había tomado del río Guayanilla o qué daño había sido causado por tal motivo a los causantes de la demandante. La cuestión parece haber sido resuelta administrativamente y sin ninguna adjudicación de los derechos de los predecesores de la demandante. Se ha demostrado también por algunos de los *exhibits* que Don Guillermo Tirado, dueño de las haciendas Faro y San Colombano, y Don Dionisio Torres, dueño de la hacienda Rufina, hicieron saber a las autoridades administrativas que ellos se habían repartido las aguas regulares del río, esto es, no las extraordinarias de las inundaciones, pero no hubo

prueba en cuanto a sus derechos relativos establecidos por alguna concesión, y no había tampoco indicación alguna acerca de la cantidad que la demandante tenía derecho a tomar o la cantidad precisa de terreno que ella tenía derecho a regar. Con excepción de todo esto, no hay indicio alguno en la prueba en cuanto al estado de cultivo de las tres haciendas poseídas por los causantes de la demandante, en 1843, fecha en que las concesiones alegadas fueron originalmente hechas, ni de la cantidad de agua del río en esa época, ya mayor o menor que al presente.

Nosotros creemos que la apelante ha dejado completamente de establecer un derecho exclusivo a las aguas del río Guayanilla o que probara alguna otra cosa fuera del hecho de que se le había concedido un derecho a tomar aguas de tal río. En tales circunstancias, la Ley de Aguas, sección 152, claramente expresa que es necesario que las autoridades administrativas, antes el Ministro de Fomento, ahora el Consejo Ejecutivo, fijen la cantidad que un concesionario de aguas tiene derecho a tomar, pero como hemos visto, el Consejo Ejecutivo, al hacer la concesión a los demandantes, expresamente rehusó determinar el derecho de la demandante, pero hizo la concesión de tomar 183½ litros por segundo, fundado en la teoría de que la demandante podría tener ciertos derechos que podía alegar ante una corte. El derecho de la demandante era indeterminado en cuanto a la cantidad de agua y ese derecho no ha sido determinado administrativamente por el Consejo Ejecutivo. La demandante ha dejado de demostrar que sus derechos eran exclusivos del derecho de Blas Rodríguez.

El peso de la prueba recae en la demandante, y ha dejado de establecer la cantidad de agua que tenía derecho a tomar o que tenía un derecho exclusivo sobre tales aguas. En los alegatos se discute con bastante extensión el carácter de las pruebas necesarias en un pleito de *injunction*. No necesitamos entrar en consideraciones acerca de qué prueba es necesaria en un pleito de *injunction*, pero diremos que, para que

pueda expedirse un *injunction* permanente, la prueba del derecho debe ser clara, siendo también cierto que en una acción reivindicatoria el demandante debe mostrar un derecho claro, y creemos que en este caso no ha demostrado tal derecho, ni para los fines de un pleito de *injunction* ni para un pleito en la forma ordinaria.

Además, la prueba mostró que el no haber obtenido los 183½ litros por segundo en el punto de toma de la demandante, relativamente no tenía nada que ver con la toma del demandado, y que, extendiendo su canal más arriba, la demandante podría tomar por completo los 183½ litros por segundo. Creemos que cuando se ha demostrado que a un demandado se ha concedido el derecho de tomar cierta cantidad de agua, más arriba, tal derecho no puede ser restringido por un derecho más o menos indefinido a tomar aguas más abajo, cuando la prueba demuestra que toda la cantidad de agua concedida por las autoridades administrativas puede ser obtenida extendiendo el canal de la demandante. Se dió a la demandante el derecho de tomar 183½ litros por segundo del río Guayanilla y el demandado no puede ser restringido, en circunstancia alguna, si la prueba demuestra que el demandante puede obtener tal cantidad de agua, aunque con algún gasto, en un punto más arriba. Hay bastante discusión en los alegatos acerca de los derechos de la demandante por prescripción, pero tal discusión solamente se refiere al título a tomar agua y en ningún modo al alcance de tal derecho, porque claramente se establece por la Ley de Aguas, sección 152, que, cuando la cantidad es indefinida, debe ser fijada por las autoridades administrativas, y en este caso el derecho claro de la demandante a tomar 183½ litros por segundo únicamente surgió en 1908, por concesión hecha por el Consejo Ejecutivo.

El Consejo Ejecutivo hizo concesiones a cada una de las partes, y, de existir algún conflicto sustancial entre ellas, fué o debe ser resuelto administrativamente por el Consejo Eje-

cutivo. La corte no puede originar el derecho. Ella solamente debe considerar derechos ya establecidos.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.